IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| MSP CONCEPT GMBH & CO. KG, | : | Civil Action No. |
| Plaintiff, | : | |
| v. | : | |
| NATURES ACCENTS, LLC, | : | April 2, 2015 |
| Defendant, | : | |

---

## COMPLAINT FOR TRADEMARK INFRINGEMENT

For its Complaint against Defendant, plaintiff MSP Concept GmbH & Co. KG. (hereafter "MSP") alleges as follows:

1. This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

### The Parties

2. Plaintiff MSP is a German company having an address of Emser-strasse 39d, 10719, Berlin, Federal Republic of Germany.

3. Upon information and belief, Natures Accents, LLC, (hereafter "Natures Accents") is a Nevada limited liability company, having a principal place of business at 5348 Vegas Drive, #524, Las Vegas NV 89108.

1

## Jurisdiction and Venue

4. This action is for damages and injunctive relief from trademark infringement and arises under the Laws of the United States, United States Code, Title 15, 15 U.S.C. § 1051 *et seq*. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. Personal jurisdiction exists generally over Defendant Natures Accents because Defendant Natures Accents has sufficient minimum contacts with this forum as a result of its business conducted in the State and District of Connecticut. Defendant Natures Accents has and continues to sell its infringing products into the District of Connecticut. Defendant maintains an active website (http://www.pmdevice.com) whereon Defendant Natures Accents uses a trademark PENISMASTER which is confusingly similar to Plaintiff's registered U.S. PENIMASTER trademark to sell items into the District that compete directly with Plaintiff's products.

6. Venue is proper under 28 U.S.C. Section 1391(b) and (c).

## Trademark Infringement

7. Plaintiff MSP is a company headquartered in Berlin, Germany, which focuses on the development, production, and marketing of urologic and medical products. In 1998 MSP started marketing devices for penis elongation, also known as penis expanders. Following feedback from customers, MSP engaged in a

development effort which led to the production and sale of a penis expander product, model EEK-000.i, marketed and sold under the trademark PeniMaster®.

8. Plaintiff MSP is the owner of U.S Trademark Registration no. 3,879,328 for PENIMASTER (Exhibit A), for the following goods:

> Extension equipment for body parts, namely, penis enlargers for medical use; penis extension equipment, namely, penis extenders for medical uses; adult sexual stimulation aids, namely, vibrators, penis enlargers; condoms; cosmetic implements, namely, sexual stimulation aids in the nature of a penis extender and penis thickener; cosmetic implements, namely, adult sexual stimulation aids in the nature of a penis straightener for straightening the penis; cosmetic implements, namely, adult sexual stimulation aids in the nature of an extender to extend or recover the foreskin of a penis; medical devices and instruments, namely, external fixators, medical devices and instruments, namely, external penis expander.

9. Since at least April 3, 2011, Defendant Natures Accents has sold, offered for sale and/or is selling within this District, and elsewhere, through the internet and otherwise, penis expanders under the name PENISMASTER, that are in direct competition with the devices produced and sold by MSP under the trademark PENIMASTER in the United States. (See Exhibit B)

10. Upon information and belief, defendant Natures Accents has advertised and sold a penis expander that is an imitation of the MSP product under the trademark PENISMASTER, stating that this was "formerly known as PENIMASTER", creating a false and misleading impression on consumers that the products are related and originate from MSP. (See Exhibit B)

11. The use of a nearly identical mark in association with a nearly identical product and sold to the same consumers as MSP's products is likely to cause

confusion, to cause mistake and to deceive customers as to the origin, sponsorship, or approval of the Natures Accent product by MSP.

12. The use by Natures Accent of the mark PENISMASTER is in violation of 15 U.S.C. 1114(a), being confusingly similar to the registered mark PENIMASTER.

13. The use by Natures Accents of the mark PENISMASTER is in violation of 15 U.S.C. 1125(a)(1) and constitutes unfair competition.

14. Defendant Natures Accents has infringed the registered and common law trademarks of MSP with the intent to deceive consumers into believing the goods sold by Natures Accents are made by, approved by, sponsored by or affiliated with MSP, and these acts were committed with the intent to pass off the Natures Accents goods as the goods of MSP.

15. In its advertising and promotion, Natures Accents has misrepresented the nature, characteristics, qualities or origin of natures Accents' goods, in violation of 15 U.S.C. 1125(a)(2).

16. On their web page, Natures Accents states that the imitation device "has a proven history of success', which upon information and belief is literally false and misleading. (See Exhibit C).

17. On their web page states that "Over 1,000 PenisMaster users participated in the study over a two year period." (See Exhibit C). The study referenced was allegedly conducted in 2002 (see Exhibits B and C), before the alleged Penismaster product even existed. Upon information and belief, the statement is literally false and misleading.

18. The foregoing statements were made to mislead or deceive and do mislead and deceive consumers into believing the Natures Accents product is one and the same as the MSP product, with the intent to unfairly divert customers away from the MSP product.

19. By the trademark infringement and these unfair acts, MSP has suffered and continues to suffer substantial monetary damages in an amount to be determined.

20. Natures Accents unfair competitive activities and blatant infringement of MSP's trademark rights has caused MSP to have suffered, and to continue to suffer, grievous and irreparable damage to its business, reputation and good will. MSP has been irreparably harmed in its efforts to market its products in the United States, and has suffered the loss of sales and profits MSP would have made but for the unfair acts of Natures Accents.

21. Natures Accents acts have damaged MSP and will continue to cause MSP irreparable harm for which MSP has no adequate remedy at law unless such acts are enjoined and restrained by this Court.

<u>Unfair Trade Practices Under Conn. Gen. Stat. § 42-110b(A)</u>

22. Plaintiff realleges and incorporates herein by reference paragraphs 1-21 above.

23. The aforesaid acts of Defendant violate federal laws; violate laws of the State of Connecticut; are immoral, unethical or unscrupulous; are substantially

injurious to competition; and divert goodwill and money or property in the form of profits, reasonable royalties and business opportunities away from Plaintiff.

24. The aforesaid acts of Defendant constitute an unfair act or practice in violation of Conn. Gen. Stat. § 42-110b(a).

## Prayer For Relief

WHEREFORE, Plaintiff MSP prays that this Court enter judgment:

1. Enjoining Defendant Natures Accents and its parent, subsidiaries, agents, officers and employees, and all others acting in concert with them, preliminarily and permanently from the use of the mark PENISMASTER, or any other mark similar to the trademark of MSP which is likely to cause confusion and from committing any and all acts of unfair competition as alleged herein;

2. Enjoining Defendant Natures Accents from making false and misleading statements in regards the Natures Accents product;

3. Ordering Defendant Natures Accents to account for their profits and the damages to Plaintiff for all the unlawful acts alleged herein and specifically for such infringement and that such award be trebled pursuant to 15 U.S.C. 1117(b) in view of Defendants' willful infringement.

4. Finding that Defendant's pattern of conduct constitute an unfair act or practice in violation of Conn. Gen. Stat. § 42-110b(a);

5. Awarding punitive damages pursuant to Conn. Gen. Stat. § 42- 110g(a), in an amount sufficient to deter Defendant Natures Accents from future trademark infringement;

6. Ordering that Defendant's infringing products be destroyed;

7. Assessing attorney's fees, costs and interest against Defendant.

8. Granting such other and further relief as is just and equitable.

Respectfully submitted,

Dated: April 2, 2015    /s/William J. Sapone
William J. Sapone (ct03498)

Ware Fressola Maguire & Barber, LLP
755 Main Street
Monroe CT 06468
Tel: 203-261-1234 fax 203-261-5676
email: wjs@warefressola.com,
wsapone@wfmb-iplaw.com

*Attorneys for Plaintiff MSP Concept GmbH & Co. KG*